FILED

MAR 04 2020

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALTA JOY LOAGUE and ROBERT W. LOAGUE,<br><br>Plaintiffs,<br><br>vs.<br><br>ETHICON, INC., and JOHNSON & JOHNSON,<br><br>Defendants. | CV 20–07–M–DWM<br><br>ORDER |

On December 3, 2013, Plaintiffs Alta Joy Loague and Robert W. Loague (collectively "Loagues") brought this product liability action for damages that arose from the surgical implantation of the Prolift+M pelvic mesh device as part of a multidistrict litigation. (Doc. 1.) On January 9, 2020, this case was transferred to the District of Montana for resolution. (Doc. 39.) At the time of transfer, Defendants Ethicon, Inc. and Johnson & Johnson's (collectively "Defendants") October 17, 2018 motion for partial summary judgment, (Doc. 29), remained pending. That motion is addressed here.

Of the 17 causes of action raised on the Loagues' short-form complaint, (see Doc. 1), Defendants seek partial summary judgment on the Loagues' claims for Strict Liability – Manufacturing Defect (Count II); Strict Liability – Failure to

1

Warn (Count III); Strict Liability – Defective Product (Count IV); Common Law Fraud (Count VI); Fraudulent Concealment (Count VII); Constructive Fraud (Count VIII); Negligent Misrepresentation (Count IX); Breach of Express and Implied Warranty (Counts X, XI); Violation of Consumer Protection Laws (Count XII); and Unjust Enrichment (Count XIV), (Doc. 29). Defendants also seek summary judgment on any claim regarding the mesh product implanted into Alta Loague on October 16, 2013. (*Id.*) In their October 25, 2018 response, the Loagues indicated that they do not plan to pursue any of these claims. (Doc. 32 at 1.) That position was reaffirmed in the parties' joint trial plan. (Doc. 59 at 10.)

Accordingly, IT IS ORDERED that Defendants' motion for partial summary judgment (Doc. 29) is GRANTED as to counts II, III, IV, VI, VII, VIII, IX, X, XI, XII, and XIV. Counts I, V, XIII, XV, XVI, and XVII remain pending.[1]

DATED this 4th day of March, 2020.

Donald W. Molloy, District Judge
United States District Court

---

[1] Neither Defendants' partial motion for summary judgment nor the Loagues' response addresses Count XIII – Gross Negligence. But because the Loagues intend to pursue their claim for negligence (Count I), their gross negligence claim (Count XIII) remains pending at this point.